UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PETER RUSSELL VAN LEUNEN,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　)　　　No.　4:10CV604 TIA
　　　　　　　　　　　　　　　　)
BERMAN & RABIN, P.A.,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　)

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint. The

Parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On April 9, 2010, Defendant removed this case from the Circuit Court of the City of St.

Louis. Plaintiff's Complaint alleges violations of the Fair Debt Collections Practices Act, 15 U.S.C.

§ 1692 *et seq.* ("FDCPA"). Defendant filed a Motion to Dismiss Plaintiff's Complaint on April 14,

2010, arguing that Plaintiff has failed to state a violation of the FDCPA, warranting dismissal under

Federal Rule of Civil Procedure 12(b)(6). On May 5, 2010, the Court ordered the Plaintiff to show

cause, in writing, why the Court should not dismiss the Complaint for failure to timely file a response

to the Motion to Dismiss under E.D. Mo. L.R. 4.01(B). The Court entered another Order on May

17, 2010, ordering Plaintiff to show cause no later than May 21, 2010. As of the date of this

Memorandum and Order, Plaintiff has not responded to the Motion to Dismiss or complied with this

Court's Orders to show cause, and the time to do so has expired.

The United States Supreme Court recently held that a complaint must be dismissed under

Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint

fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp.

v. Twombly, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

In the present case, Plaintiff is unable to show that he is entitled to relief. Under 15 U.S.C.§ 1692g:

> (b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C.§ 1692g(b). Plaintiff's Complaint alleges that the Defendant violated this statute by failing to provide verification of the debt. (Notice of Removal, Exh. 3, Petition ¶ 12) However, Defendant asserts that the statute does not require the debt collector to provide verification once it ceases collection of the debt. The undersigned agrees.

In Guerrero v. RJM Acquisitions, LLC, the Ninth Circuit Court of Appeals held that "the Act requires a debt collector who receives notice that a consumer disputes an alleged debt to cease

2

collection efforts *until* it provides the consumer with verification of the debt. The Act does not impose an independent obligation to verify a debt where the collector ceases all collection efforts directed at the consumer." 499 F.3d 926, 930 (9th Cir. 2007). <u>See</u> <u>also</u> <u>Shimek v. Weissman, Nowack, Curry & Wilco, P.C.,</u> 323 F. Supp. 2d 1344, 1350 (N.D. Ga. 2003) ("The plain language of Section 1692g(b), however, requires only that Defendant 'cease collection of the debt' once verification is requested.).

Here, the Defendant asserts, and Plaintiff does not contest, that upon receipt of Plaintiff's letter requesting that Defendant cease and desist further contact with Plaintiff and for validation of the debt, Defendant ceased all collection activities and closed its file. Indeed, Plaintiff's only allegation that Defendant violated the FDCPA involves the failure to provide verification of a debt. (Notice of Removal, Exh. 3, Petition ¶ 12) However, as stated above, Defendant was only obligated to cease collection of the debt, and Defendant complied with this mandate.

Therefore, Plaintiff's Complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly,</u> 550 U.S. 554, 570 (2007). The Court will therefore grant Defendant's Motion to Dismiss. The undersigned also notes that this case should be dismissed for Plaintiff's repeated failures to comply with local rules and Orders of this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint [Doc.

#5] is **GRANTED**.  A separate Judgment shall accompany this Memorandum and Order.


<u>          /s/ Terry I. Adelman          </u>
UNITED STATES MAGISTRATE JUDGE


Dated this   25th   day of June, 2010.